The opinion of the Court was delivered by
Dunkin, Ch.
Upon the statement submitted by the brief, the Court are all of opinion that the defendant’s first ground of appeal is well taken. So long as the judgment of the Ordinary remained unreversed, the executor was entitled to be reimbursed all the necessary expenses incurred by him in sustaining that judgment. This position is fully sustained by the authorities adduced at the hearing. The Court will not undertake to say that extreme cases may not be supposed which would constitute an exception. A pseudo executor, who was successful enough by subornation of perjury to palm off upon the Ordinary a forged instrument as a genuine will, and whose turpitude was exposed in a trial before the jury, would scarcely be allowed to retain any part of the estate to reimburse the expenses of his nefarious attempt. No such case is here presented by the evidence. The verdict of the jury was manifestly founded on a conviction of the mental hallucination of the decedent.
*92 But it was suggested at the bearing that the defendant had an interest under the supposed will. No such fact appears. The will is not before us, and counsel do not agree as to the provisions of the instrument. It seems that the wife of the defendant, took some interest; but it is insisted that whatever she took was to her sole and separate use. If so, the defendant had no interest of the character contemplated. But, if he had, we are of opinion that the expenses of maintaining and defending the will as admitted to probate and his title as executor, were properly and necessarily incurred — must be referred to his fiduciary relation, and should be allowed. In the case of Wham vs. Love, Rice. Eq. 51, all the ordinary duties of the defendant as administrator, had been fully discharged and the Court allowed all the expenses incurred in relation to the same. But a considerable sum of money remained in his hands for distribution amongst the next of kin. The plaintiffs claimed this fund as sustaining that character. The claim was resisted by the defendant on the ground that himself and other co-defendants were properly entitled as next of kin. The plaintiffs succeeded in the issue, and, in taking the account, the Court, expressly allowing all the expenses incurred by the defendant as administrator, declined to reimburse the expenses incurred on the trial of the issue, in a controversy, not for maintaining his fiduciary relations, but for advancing his private interests. If the act of the Ordinary in granting him letters of administration had been impugned, because he was not entitled as next of kin, or for any other cause, and his judgment had been subsequently reversed, still all his acts while proceeding under the judgment of the proper tribunal would be supported, and the expenses necessarily incurred by him in maintaining his fiduciary relation would be properly chargeable on the assets of the estate. The case is stronger where the executor has been appointed by the person, under whom the plaintiffs claim as volunteers; and whose will has been admitted to probate by the Ordinary in common form, and the executor qualified *93 thereon. When the litigation was subsequently stirred and the will required to be proved in solemn form, the executor was not at liberty to withdraw or decline the litigation, and the expenses therein necessarily incurred'should be allowed in his accounts. It is ordered and decreed that the decree of the Circuit Court be modified, and the report of the commissioner reformed accordingly.
JoHNSTON, DabgaN and Wardlaw, CC., concurred.

Decree modified.